FILED IN CHAMBERS
THOMAS W. THRASH JR.
U. S. D. C.  Atlanta

JAN  2 2007

JAMES N. HATTEN, Clerk
By: _S. Sewell_ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL LANGBEHN, | : | PRISONER CIVIL RIGHTS |
| G.D.C. No. 493566, | : | 42 U.S.C. § 1983 |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| | : | 1:06-CV-3019-TWT |
| WARDEN HENDERSON; | : | |
| OFFICER SINNO; COUNSELOR | : | |
| JANE DOE, | : | |
| Defendants. | : | |

## ORDER AND OPINION

Plaintiff Michael Langbehn, an inmate at Phillips State Prison in Buford, Georgia, seeks leave to file this civil rights action without prepayment of the $350.00 filing fee, other fees, or security therefor, pursuant to 28 U.S.C. § 1915. [Doc. No 2]. For the purpose of dismissal only, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.    28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted;

AO 72A
(Rev.8/82)

or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations

2

were insufficient to support the alleged constitutional violation), cert. denied, 540

U.S. 1219 (2004).

II.   Plaintiff's Claims

Plaintiff complains that:  (1) on September 15, 2006, while he was in administrative segregation, he witnessed Officer Sinno physically assault another inmate; (2) when Plaintiff advised Sinno that he would tell the warden and the jail counselor about the assault, Sinno told Plaintiff that he would "whip [Plaintiff's] ass and kill [Plaintiff];" (3) on September 23, 2006, Sinno came to Plaintiff's cell and made a gesture with his hand and cursed at Plaintiff; (4) on November 6, 2006, Sinno mocked and threatened Plaintiff; (5) when Sinno mocked and threatened Plaintiff a second time, Plaintiff purposely flooded his cell; (6) as a result of his actions, Plaintiff was handcuffed and placed in the shower; and (7) while Plaintiff was in the shower Sinno threw all of Plaintiff's belongings into the water, and threw several bars of soap at Plaintiff.  Plaintiff also complains that: (1) he has either received no response to his grievances or they have been denied; (2) Counselor Jane Doe has violated the proper grievance procedure by failing to monitor the progress of his grievances after they had been submitted; and (3)

3

Warden Henderson has failed to act on any of Plaintiff's grievances.  Plaintiff

seeks equitable and monetary relief.

III.     Analysis of Plaintiff's Claims

      A.     Excessive Force Claim

      To the extent that Plaintiff complains that Officer Sinno assaulted another

inmate, he has no standing.  Prisoners may only challenge violations of their own

rights and have no standing to assert the rights of other prisoners.  See Singleton

v. Wulff, 428 U.S. 106, 116 (1976) (holding one may not claim standing to

vindicate the constitutional rights of others); Warth v. Seldin, 422 U.S. 490, 499

(1975) ("A federal court's jurisdiction therefore can be invoked only when the

plaintiff himself has suffered 'some threatened or actual injury resulting from the

putatively illegal action . . . .'") (Citations omitted); Knight v. State of Alabama,

14 F.3d 1534, 1554 (11th Cir. 1994) (stating that the Supreme Court has limited

standing to the requirement that parties assert only their own rights and not the

rights of others); Adams v. James, 784 F.2d 1077, 1080 (11th Cir. 1986) ("In a

non-class action context a prisoner has no standing to litigate another prisoner's

claim . . . ."); Reynoldson v. Shillinger, 907 F.2d 124, 125 (10th Cir. 1990)

(holding that to the extent that prisoner raised claims of "inmates" rather than

4

himself, it was "dismissable for failure to allege the plaintiff's standing to proceed"); Newsom v. Norris, 888 F.2d 371, 381 (6th Cir. 1989) (holding prisoner challenging conditions of confinement lacks standing to assert the constitutional rights of other prisoners); Weaver v. Wilcox, 650 F.2d 22, 27 (3d Cir. 1981) ("Courts have held consistently that an inmate does not have standing to sue on behalf of his fellow prisoners."). Because Plaintiff has no standing to challenge the rights of the other inmate, this claim must be dismissed.

B.     Verbal Abuse

Plaintiff's allegations that Officer Sinno verbally abused and threatened him also do not state a claim under § 1983, as the mere use of threatening, abusive, or harassing language does not amount to a constitutional violation. See McDowell v. Jones, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling usually are not actionable under § 1983). Accordingly, this claim should be dismissed for failure to state a cognizable constitutional claim under § 1983.

C.     Grievances

Nor does Plaintiff's claim that Warden Henderson and Counselor Jane Doe ineffectively handled his grievances. In the context of a state prison system, an inmate grievance procedure is not constitutionally required. See Argue v.

5

Hofmeyer, No. 03-1156, 2003 WL 22495834 at *2 (6th Cir. Oct. 30, 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.").   A jail may elect to provide a grievance mechanism, but violations of its procedures do not deprive prisoners of federal constitutional rights.  Doans v. Rice, No. 87-7244, 1987 WL 38813 at *1 (4th Cir. Oct. 15, 1987); Spencer v. Moore, 638 F. Supp. 315 (E.D. Mo. 1986); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982).   Thus, Plaintiff's allegations that his grievances have been handled ineffectively fail to state a claim under § 1983.

    D.    Property

Finally, to the extent that Plaintiff complains about any destruction of his property due to Officer Stinno throwing it in the water, this claim also does not

6

rise to a constitutional level.[1]  In <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984), the

Supreme Court held that the Due Process Clause of the Fourteenth Amendment

is not violated when a state employee intentionally deprives an individual of

property, provided that the state makes available a meaningful post-deprivation

remedy.  In the instant action, the Court finds that there are adequate post-

deprivation remedies available under Georgia law.  <u>See</u> O.C.G.A. §§ 28-5-80

through 28-5-86 (provides a Claims Advisory Board for claims against the State

of Georgia); §§ 51-10-1 through 51-10-6 (provides a right of action for injuries

to personalty); and O.C.G.A. § 50-21-23 (provides a right of action for wrongful

seizure of property).[2]  Thus, Plaintiff has not stated a claim for relief under § 1983

with regard to this claim.

---

[1] It is not clear from the complaint that any of Plaintiff's property was actually destroyed by Sinno's actions.  In light of Plaintiff's <u>pro se</u> status, however, the Court will construe the complaint liberally and presume that at least some of his property may have been destroyed.

[2] To the extent that Plaintiff contends that negligence resulted in the loss of his property, he still has failed to present a cognizable constitutional violation. <u>See</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986) (holding that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property).

7

AO 72A
(Rev.8/82)

III.   Conclusion

In light of the foregoing analysis, it is **ORDERED** that this action is

**DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED,** this  26  day of  December , 2006.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)